James M. Moody Jr., United States District Judge
Pending is Plaintiff's motion to dismiss the counterclaim filed by Defendants. The *845 motion is fully briefed and ripe for determination. For the reasons stated below, the motion to dismiss (Document No. 8) is GRANTED.
Plaintiff worked for Defendants at their retail store in Conway, Arkansas. Her duties included conducing retail transactions and overseeing some of the day-to-day operations of the store. Her complaint alleges that Defendant willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 et seq. (AMWA) by failing to pay her at least the minimum wage for each hour she worked and overtime for each hour she worked in excess of forty hours each week. She claims she was misclassified as a salaried employee and was paid a total of $500 per month though she regularly worked more than forty hours per week.
Defendants answered and denied that Plaintiff was classified as an exempt salaried employee and denies that Plaintiff ever worked in excess of 40 hours per week. They also filed a counterclaim alleging conversion by (1) selling Defendant's retail products at discounted rates without authority; (2) taking possession of Defendant's retail products such as snacks, cigarettes, and cigars without authority; and (3) taking possession of Defendant's store management documents related to employee schedules, pay rates, and check stubs without authority. It was the theft of these items that lead Defendant to fire Plaintiff in July of 2017.
Plaintiff has moved to dismiss the counterclaim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). For the Court to have supplemental jurisdiction, the counterclaim must "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs , 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Claims derive from a common nucleus of operative fact if they "are such that [the asserting party] would ordinarily be expected to try them all in one judicial proceeding." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters , 645 F.3d 954, 963 (8th Cir. 2011) (quoting Gibbs at 725, 86 S.Ct. 1130 ).
The Court finds that the conversion claims in the counterclaim and the FLSA and AMWA claims in the complaint do not derive from a common nucleus of operative facts. To prove her claim, Plaintiff will have to prove that she was a non-exempt employee of Defendants, she was not paid at least the minimum wage for each hour she worked, she worked in excess of forty hours in certain weeks, and that she was not paid overtime. To prove their counterclaim for conversion, Defendants would have to prove that Plaintiff wrongfully committed a distinct act of dominion over the property of Defendants-retail products and some store management documents-which is a denial of or is inconsistent with their rights as owners. Hartness v. Nuckles , 2015 Ark. 444, 475 S.W.3d 558, 565 (2015). While there would undoubtedly be some overlap in witnesses, these two claims do not require the same factual or legal arguments and would not rely on the same set of facts. See Escobedo v. Oswego Junction Enterprises LLC , No. 17-CV-0682, 2017 WL 3130643, at *2 (N.D. Ill. July 24, 2017).[1]
*846 Defendants argue that they lack the ability to defend Plaintiff's wage allegations because Plaintiff allegedly stole some documents pertaining to Plaintiff's employment schedule and wages. Whether Plaintiff wrongfully took documents that now impede Defendants' ability to defend this action can be addressed in the context of the complaint. Defendants' do not need a counterclaim for conversion to raise the issue of the alleged theft and its impact on their defense.
This findings is consistent with the purpose of the FLSA. "The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purposes" of achieving certain minimum labor standards. Lyon v. Whisman , 45 F.3d 758 (1995) (quoting Mitchell v. Robert DeMario Jewelry, Inc. , 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). The Court agrees with the Third Circuit that "when a court exercises federal jurisdiction pursuant to a rather narrow and specialized federal statute it should be circumspect when determining the scope of its supplemental jurisdiction." Lyon at 764.
Plaintiff's motion to dismiss the counterclaim (Document No. 8) is GRANTED.[2]
IT IS SO ORDERED this 9th day of March, 2018.

From Escobedo: "See, e.g., Kelso v. Complete Home Renovations, Inc. , 2017 WL 495789, at *2 (S.D. Ind. Feb. 7, 2017) (plaintiff's FLSA claims and defendant's conversion counterclaim "do not share any common elements"); Cruz v. Don Pancho Market, LLC , 167 F.Supp.3d 902, 906-907 (W.D. Mich. 2016) (counterclaims for fraud, breach of contract, and conversion do not arise out of the same case or controversy at FLSA claim); Foston v. Edwards Package Store, Inc. , 2015 WL 2452787, at *2 (N.D. Ga. May 20, 2015) (dismissing counterclaim for conversion because it did not challenge Plaintiff worked hours related to his FLSA claim); Cordero v. Voltaire , 2013 WL 6415667, at *6 (W.D. Tex. Dec. 6, 2013) (counterclaims for theft, conversion, and breach of fiduciary duty "do not share common facts with the FLSA claims and a different body of evidenced will be required to prove those claims"); Lou v. Ma Labs., Inc. , 2013 WL 3989425, at *3 (N.D. Cal. Aug. 2, 2013) (conversion counterclaim alleging that plaintiff took proprietary information did not arise out of a common nucleus of operative facts or even share a "loose factual connection" with FLSA claims)."

Plaintiff also moved to dismiss based on Rule 12(b)(6), failure to state a claim. While the Court finds that the complaint does sufficiently state a claim under the standards set forth in Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal , 556 U.S. 662, 663-64, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a ruling on this issue is not necessary in light of its decision that it lacks subject matter jurisdiction.